IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH J. VAVREK | : | |
| Petitioner | : | |
| v. | : | Civil Action No. AMD-07-1297 |
| KATHLEEN GREEN, *et al.* | : | |
| Respondents | : | |

...o0o...

MEMORANDUM

Now pending is respondents' motion to dismiss this petition for writ of habeas corpus as time-barred. Paper No. 5.  Petitioner was provided an opportunity to file a traverse to the answer, and has done so. Papers No. 6 and 7. A hearing is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6.  For the reasons that follow, the petition will be dismissed as time-barred.

On April 21, 2004, petitioner plead guilty to a charge of second degree murder in the Circuit Court for Baltimore County.  Paper No. 5 at Ex. 1, pp. 2 and 4.  On June 9, 2004, petitioner was sentenced to serve 30 years, with all but 25 years suspended.  *Id*. at p. 6.  Petitioner did not file an application for leave to appeal following his guilty plea.  On June 8, 2005, petitioner filed a petition for state post-conviction relief, which was denied on January 17, 2006.  His application for leave to appeal to the Court of Special Appeals was denied on June 22, 2006, and the mandate issued on July 27, 2006.

There is a one-year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The one year period begins to run on the date the criminal conviction is final; however, it is tolled while properly filed post-conviction

proceedings are pending. *See* 28 U.S.C. 2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one-year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on July 9, 2004, the date the time for filing an application for leave to appeal expired. To be timely filed, a federal habeas petition should have been filed on or before July 9, 2005, but the limitations period was tolled while petitioner's post-conviction case was pending before the circuit court. *See* 28 U.S.C.§ 2244(d)(1).  At the time he filed for post-conviction relief, petitioner had approximately one month remaining on the limitations period for filing a federal habeas petition.  On the date the Court of Special Appeals' mandate issued, July 27, 2006,  the limitations period for filing a federal habeas petition began to run again. Thus, in order to be timely, the instant petition must have been filed on or before August 29, 2006. The petition was filed on April 26, 2007, and is untimely.

"[T]he one year limitation period is also subject to equitable tolling 'in those rare instances where  due to circumstances external to the party's own conduct  it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000)  To be entitled to equitable tolling,

petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *Id*. Petitioner asserts that his petition is timely and makes no claim to equitable tolling of the limitations period. Paper No. 7.

The petition is untimely and petitioner has failed to establish entitlement to equitable tolling of the limitations period. Accordingly, the petition must be dismissed. An order follows.


Date; September 24, 2007                    __/s/_____
                                            Andre M. Davis
                                            United States District Judge